CV 02-1313 #1

FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUN 20 2002  PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Ed Konek,
Joel Hodgell,

           Plaintiffs,

v.

Alan H. Hamilton,
Ellen Hamilton, d/b/a
Securetags.com,
National Pet Protection,

           Defendants.

No. C02-1313C

NOTICE OF REMOVAL

Defendants Alan H. Hamilton and Ellen Hamilton ("Defendants"), by their counsel of record, file this Notice of Removal. As grounds for removal, these defendants state:

1. Plaintiffs commenced an action in King County, Washington by serving a Summons and Complaint on Alan H. Hamilton on or about May 21, 2002, copies of which are attached and marked collectively as Exhibit A. Wash. R. Super. Ct. 3 (West 2002). No other process, pleadings or orders have been served on these Defendants.

NOTICE OF REMOVAL – Page 1

ORIGINAL



The Grant Law Firm
1218 Third Avenue • Suite 1000
Seattle, Washington 98101

1089 01 df190102

2. It is believed that, as of the date of this Notice, the plaintiffs have not filed the summons and complaint in the Superior Court of King County, Washington.

## DIVERSITY JURISDICTION

3. Plaintiff Ed Konek alleges that he is a resident of King County, Washington, residing at 400 Lakeside Avenue S., Seattle, Washington 98144. (Ex. A, ¶ 2.1.)

4. Plaintiff Joel Hodgell alleges that he is a resident of King County, Washington, residing at 12712 Lake City Way NE 3, Seattle, Washington 98125. (Ex. A, ¶ 2.1.)

5. Plaintiffs allege that defendant Alan H. Hamilton is a resident of the State of Colorado, residing at 9109 S. William Cody Drive, Evergreen, Colorado 80439. This allegation is true.

6. Plaintiffs allege that defendant Ellen Hamilton is a resident of the State of Colorado, residing at 9109 S. William Cody Drive, Evergreen, Colorado 80439. This allegation is true.

7. National Pet Protection Network, Inc. is a Colorado corporation in good standing. National Pet Protection Network, Inc.'s principal place of business is located at 885 Parfet Street, Unit A, Lakewood, Colorado 80215.

8. Plaintiffs allege that their claims for damages arise from defendants' actions of sending unsolicited commercial e-mail messages over the Internet to the plaintiffs. The complaint alleges that defendants' actions violated the Washington State Commercial Electronic Mail Act, the Washington State Consumer Protection Act, and the common law tort of trespass to chattels. (Ex. A, ¶ 1.1.) By plaintiffs' calculation, the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interests. (Ex. A, ¶ 7.5-7.8.)

9. Accordingly, this Court has original jurisdiction over this action on the basis of diversity of citizenship, under 28 U.S.C. § 1332, and removal jurisdiction, under 28 U.S.C. § 1441.



THE GRANT LAW FIRM
1218 Third Avenue • Suite 1000
Seattle, Washington 98101

1089 01 df190102

## COMPLIANCE WITH RULES

10. This Notice of Removal is being filed within thirty (30) days after receipt by defendants through service of the summons and complaint, as required by 28 U.S.C. § 1446(b).

11. These defendants will give timely written notice of the filing of this Notice to the plaintiffs, as required by 28 U.S.C. § 1446(d).

12. A copy of this Notice will be timely filed with the Clerk of the Superior Court for King County, Washington, as required by 28 U.S.C. § 1446(d).

WHEREFORE, these Defendants respectfully remove this action to this Court.

DATED this 20th day of June, 2002.

Respectfully submitted,

THE GRANT LAW FIRM

By _____
Jeffrey C. Grant, WSBA #11046
Benjamin Schwartzman, WSBA #26560
Attorneys for Defendants Alan and Ellen Hamilton

## CERTIFICATE OF SERVICE

1     I am employed in King County, Washington, by The Grant Law Firm, am over 18 years old, and am not a party to this action. My business address is 1218 Third Avenue, Suite 1000, Seattle, Washington, 98101.

    I certify that on June 20, 2002, I arranged for service of the NOTICE OF REMOVAL (together with the attached Exhibit A) as described below:

    1.     The original and one copy, and $150.00 filing fee, were delivered by hand to the Clerk of the Court, U.S. District Court for the Western District of Washington, 1010 Fifth Avenue, Seattle, Washington, 98104.

    2.     A copy was sent by regular mail, postage prepaid, to Ed Konek, 400 Lakeside Avenue S., Seattle, Washington 98144.

    3.     A copy was sent by regular mail, postage prepaid, to Joel Hodgell, 12712 Lake City Way NE 3, Seattle, Washington 98125.

    DATED this 20 day of June, 2002.

Jeffrey C. Grant, WSBA #11046

NOTICE OF REMOVAL – Page 4

THE GRANT LAW FIRM
1218 Third Avenue • Suite 1000
Seattle, Washington 98101

1089 01 df190102

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING

ED KONEK,
JOEL HODGELL,
Plaintiffs

No.

SUMMONS (60 Days)

v.

ALAN H. HAMILTON,
ELLEN HAMILTON, d/b/a
SECURETAGS.COM,
NATIONAL PET PROTECTION,
Defendants

TO THE DEFENDANTS: A lawsuit has been started against you in the above entitled court by plaintiffs ED KONEK and JOEL HODGELL. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

_/s/ Ed Konek_

ED KONEK
Plaintiff

Dated:
8 May 2002

400 Lakeside Ave. S; Seattle, WA 98144
(206) 338-6874; dogside@hotmail.com

_/s/ Joel Hodgell_

JOEL HODGELL
Plaintiff

Dated:
8 May 2002

12712 Lake City Way NE 3; Seattle, WA 98125
(206) 362-2166; hodgell_v_hamilton@hotmail.com


EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ED KONEK,<br>JOEL HODGELL,<br><br>     Plaintiffs,<br><br>v.<br><br>ALAN H. HAMILTON,<br>ELLEN HAMILTON, d/b/a<br>SECURETAGS.COM,<br>NATIONAL PET PROTECTION,<br><br>     Defendants. | NO.<br><br>COMPLAINT FOR RELIEF UNDER THE UNFAIR BUSINESS PRACTICES–CONSUMER PROTECTION ACT AND THE COMMERCIAL ELECTRONIC MAIL ACT AND UNDER COMMON LAW TORT OF TRESPASS TO CHATTELS |

COMES NOW, plaintiffs, Ed Konek and Joel Hodgell, and bring this action against defendants named herein. The plaintiffs allege the following on information and belief:

### I. JURISDICTION AND VENUE

1.1. This is an action to recover damages and penalties for defendants' repeated violations of the Washington State Commercial Electronic Mail Act, RCW 19.190 et seq., the Washington State Consumer Protection Act, RCW 19.86 et seq., and under the common law tort of trespass to chattels.

1.2. This Complaint is filed and these proceedings are instituted under the provisions of RCW 19.190, the Commercial Electronic Mail Act, and RCW 19.86, the Unfair Business Practices–Consumer Protection Act, and under the common law tort of trespass to chattels (RCW 4.04.010).

1.3. Jurisdiction of the plaintiff and Attorney General to commence this action is conferred by RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030, and RCW 4.04.010, 4.12.020 and 4.12.025.

1.4. The violations alleged herein have been and are being committed in whole or in part in King County, in the State of Washington by defendants named herein, therefore, venue is proper in this court.

## II. PLAINTIFFS & DEFENDANTS

2.1. Plaintiff, Ed Konek, is a resident of the state of Washington and of the county of King, an adult over the age of eighteen years, is located at 400 Lakeside Ave. S, Seattle, WA 98144, and is sui juris. Plaintiff, Joel Hodgell, is a resident of the state of Washington and of the county of King, an adult over the age of eighteen years, is located at 12712 Lake City Way NE 3, Seattle, WA 98125, and is sui juris.

2.2. Defendants Alan H. Hamilton and Ellen Hamilton are also located at 9109 S. William Cody Drive, Evergreen, CO 80439 and do business as National Pet Protection and Toll Free Return, both located at 885 Parfet Street, Suite A, Lakewood, CO 80215 and/or 494 Sheridan Blvd. Suite 200A, Denver, CO 80226.

2.3. Defendants, doing business as National Pet Protection and Toll Free Return, conduct business in Washington through unsolicited commercial email ("spam") sent over the Internet to Washington residents, to promote their business opportunity websites. Defendants hired unknown "John Doe" spammers and G-force Marketing Inc. (owned by Glenn Glaser) located at 16055 SW Walker Road #236, Beaverton, OR 97006, to spam for them.

## III. NATURE OF TRADE OR COMMERCE

3.1. Since at least December 2001, defendants have sent, assisted, and conspired with others to send unsolicited commercial electronic mail via the Internet to the plaintiff and other residents of Washington State.

3.2. Said messages were not "an electronic mail message to which an interactive computer service provider has attached an advertisement in exchange for free use of an electronic mail account, when the sender has agreed to such an arrangement" (RCW 19.190.010(2)). The defendants have a long history of spamming as found at SPEWS, "Spam Prevention Early Warning System", at http://www.spews.org/html/S1368.html and as found at the Usenet groups news.admin.net-abuse.email and news.admin.net-abuse.sightings.

3.3.  Defendants know or have reason to know that they send spam to Washington State residents. All of the plaintiffs' email addresses that were spammed by the defendants are registered at http://registry.waisp.org and the plaintiffs' residency status information for their email addresses are available upon request from the registrant of the Internet domain names found in their email addresses.

3.4.  Defendants are in competition with others in the State of Washington engaged in similar business.

## IV. FIRST CAUSE OF ACTION – VIOLATIONS OF RCW 19.190

### COUNTS 1 – 70+

4.1.  Plaintiffs realleges Paragraphs 3.1 through 3.4 and incorporates them herein as if set forth in full.

4.2.  Email messages sent via the Internet contain a header, which tells the recipient the source of the original message, as well as any points of transmission on the message's path to the eventual recipient. A typical unforged header will show the path of computers that sent the email message to the ultimate recipient. The specific computers are identified by a series of computer and domain names, and Internet protocol (IP) numbers. Often there are several computers involved in transmitting the message to its final destination. By examining the names and numbers which identify each computer along the transmission path, it is possible to determine who originally sent the message, and which Internet service providers transmitted it to its ultimate recipient.

4.3.  It is also possible for a sender to disguise or obscure the true routing of an email message by manipulating the transmission path information in the message's header. The defendants engage in this practice. They manipulated the information in their messages' headers to reflect that their spam originated at computers that are different from theirs. Since December 2001, defendants have sent at least 70 unique and distinct spams to the plaintiffs. About eighty percent of these spams used the Internet domain name "excite.com" in the "from" address. The defendants used "msn.com" and "aol.com" for the other twenty percent of their spams sent to the plaintiffs. In fact, "excite.com", "msn.com" and "aol.com" are domain names owned by Excite Networks Inc., Microsoft Inc., and AOL-TimeWarner Inc., not by the defendants, nor plaintiffs, and were used without the owner's permission. Excite.com, MSN.COM, and AOL.COM clearly forbid the use of their domain name for any spamming purposes.

Defendants' messages did not originate from the "excite.com", "msn.com", or "aol.com" domains. No IP numbers for excite.com, msn.com, or aol.com were in the defendants' spam headers. Accordingly, defendants misrepresented the transmission path of their email messages by obscuring their true point of origin, used the third party Internet domain names excite.com, msn.com, and aol.com without the owner's permission, and clearly violated RCW 19.190.020(1)(a).

4.4. The defendants used non-existent, invalid, non-working "from" addresses in their spams. Reply messages sent to their "from" address were "bounced" back to the plaintiff and designated "undeliverable" or "user unknown". The reply messages were undeliverable because the defendants used "from" or return email addresses that were invalid or non-existent at the time of transmission or by the time the plaintiff attempted to respond. The "from" or return address is rendered invalid either because (1) the return electronic mail address was invalid or non-existent at the time of transmission and/or thereafter, or (2) the Internet service provider who provided defendants' email account immediately canceled it upon discovering it was being used to send unsolicited bulk email without the service provider's approval or (3) the vast number of irate replies in response to defendants' messages overloaded the capacity of the return email address to receive more messages and resulted in the account's eventual shutdown. Washington State law requires that a sender of unsolicited commercial electronic mail truthfully identify the originating electronic mail address of the transmission, RCW 19.190.020(1)(a). By posting a seemingly valid return email address that, in fact, is impossible to respond to, defendants misrepresented the status and/or existence of their email account, and clearly violated RCW 19.190.020(1)(a).

4.5. In the defendants' spams sent to the plaintiffs, the "to" email address field was completely obscured, either as "Dear Friend" or "undisclosed recipients", with no real "to" email address(es) in the headers. Defendants obscured information in identifying the transmission path of their commercial electronic mail message, and clearly violated RCW 19.190.020(1)(a).

4.6. The defendants also used third party Internet domain name Hotmail.com without their permission in the "to" field, which is part of the transmission path, and thus, clearly violated RCW 19.190.020(1)(a). Hotmail.com is supported by paid advertisements, and not by the unpaid, unrequested, unpermitted, parasitic and

misleading commercial email messages from the defendants. Clearly, the defendants' spamming practices are an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, and such practices have been declared unlawful by the Washington State legislature.

4.7. Nearly all of the defendants' spams contained the misleading subject line of "We Pay You $800 Weekly Guaranteed!" Clearly this subject line is far "too good to be true" and the defendants would not be resorting to spamming to promote such a "business opportunity" if it were true. It is a violation of RCW 19.190.020(1)(b) and 19.190.030(1)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

4.8. It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message, and/or contains false or misleading information in the subject line. Pursuant to RCW 19.190.020(1)(a)(b), each Count, One through at least Seventy, in this First Cause of Action is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and distinct violation of the Consumer Protection Act, RCW 19.86. As a proximate result of defendants' conduct, each and every Count, One through at least Seventy, in this First Cause of Action has damaged plaintiffs in their properties.

## V. SECOND CAUSE OF ACTION – VIOLATIONS OF RCW 19.86

### COUNTS 1 – 70+

5.1. Plaintiff realleges Paragraphs 3.1 through 4.8 and Counts One through at least Seventy of the First Cause of Action and incorporates them herein as if set forth in full.

5.2. Each of Counts One through at least Seventy of the First Cause of Action also constitutes a separate and distinct act of an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, such practices have been declared unlawful, and violate RCW 19.86 (RCW 19.86.020, et seq.), the Washington Consumer Protection Act. As a proximate result of defendants' conduct, each and every Count in this Second Cause of Action has damaged plaintiffs in their properties.

## VI. THIRD CAUSE OF ACTION – TRESPASS TO CHATTELS

### COUNTS 1 – 70+

6.1. Plaintiff realleges Paragraphs 3.1 through 5.2 and Counts One through at least Seventy of the First and Second Causes of Action and incorporates them herein as if set forth in full.

6.2. Each of Counts One through at least Seventy of the First and Second Causes of Action also constitute separate and distinct trespass to chattels onto the personal properties of plaintiffs.

6.3. As a proximate result of defendants' conduct in each and every Count in the First and Second Cause of Action, plaintiffs have experienced loss of use, loss of value, and additional work and expenses relating to their computer equipment and Internet service which both paid and pay for.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ED KONEK and JOEL HODGELL, pray for relief as follows:

7.1. That the Court adjudge and decree that defendants have engaged in the conduct complained of herein.

7.2. That the Court adjudge and decree that the conduct complained of in Sections III – VI constitutes violations of the Commercial Electronic Mail Act, RCW 19.190, and pursuant to RCW 19.190.030(2) and (3) constitutes separate and distinct violations of the Consumer Protection Act, RCW 19.86.

7.3. That the Court adjudge and decree that the conduct complained of in Sections III - VI constitute an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce in violation of the Consumer Protection Act, RCW 19.86.

7.4. That the Court adjudge and decree that the conduct complained of in Sections III - VI constitute trespass to chattels.

7.5. That for the First Cause of Action the Court assess statutory damages of USD$500.00 for each Count One through at least Seventy, for each and every, separate and distinct violation of RCW 19.190 (RCW 19.190.040(1)), and for additional violations while this civil action is pending, equal to at least USD$35,000.00, to be paid by the defendants to the plaintiffs, and

7.6. That for the Second Cause of Action the Court assess treble damages and costs pursuant to RCW 19.86.090 of USD$1,000.00 for each Count One through at least Seventy, for each and every, separate and distinct violation of RCW 19.86.020, and for additional violations while this civil action is pending, equal to at least USD$70,000.00, to be paid by the defendants to the plaintiffs, and

7.7. That for the Second Cause of Action the Court assess civil penalties pursuant to RCW 19.86.140, of two thousand dollars (USD$2,000) for each Count One through at least Seventy, for each and every, separate and distinct violation of RCW 19.86.020 caused by the conduct complained of herein, and for additional violations while this civil action is pending, equal to at least USD$140,000.00, to be paid by the defendants to the plaintiffs and/or State of Washington, and

7.8. That for the Third Cause of Action for each Count One through at least Seventy, the Court assess an award of damages of USD$500.00 for each Count One through at least Seventy, for each and every, separate and distinct trespass to chattels violation, and for each additional violation while this civil action is pending, equal to at least USD$35,000.00, to be paid by the defendants to the plaintiffs, and

7.9. Filing and service fees, estimated to be USD$200.00, and

7.10. Additional costs and fees associated with the enforcement of judgment rendered herein, and

7.11. Post judgment daily compounded interest of twelve percent per annum (12%), one percent per month (1%), and

7.12. That the Court decree such orders pursuant to RCW 19.86.080 to provide that plaintiffs, State of Washington, have and recover from defendants the costs of this action, including reasonable attorney's fees.

7.13. That the Court order such other relief as it may deem just and proper to fully and effectively dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to the Court.

DATED this _____ day of May 2002.

_____
Ed Konek
Plaintiff

_____
Joel Hodgell
Plaintiff