FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 03 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ED KONEK and JOEL HODGELL,

Plaintiffs,

v.

ALAN HAMILTON, et al.,

Defendants.

CASE NO. C02-1313C

ORDER

This matter comes before the Court on defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process (Dkt. No. 2). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. For the following reasons, defendants' motion to dismiss is hereby GRANTED; the Court dismisses all claims against defendants Alan Hamilton and Ellen Hamilton for lack of personal jurisdiction.[1] However, plaintiffs' request for leave to amend their complaint to identify the proper defendant(s) is hereby GRANTED. Plaintiffs must file an amended complaint by Thursday, September 19, 2002 at 4:30 p.m. Accordingly, the Court retains jurisdiction over this action.

---

[1] This dismissal does not govern any potential claims plaintiffs may assert against the "d/b/a" entities identified in plaintiffs' initial complaint.

ORDER – 1

The basic facts relevant to defendants' motion are undisputed. Plaintiffs are Washington residents. Defendants Alan Hamilton and Ellen Hamilton, a married couple, are Colorado residents. Defendants are shareholders and officers[2] of National Pet Protection Network, Inc. ("NPPN"), a Colorado corporation in good standing.[3] Plaintiffs allege that "defendants have sent, assisted, and conspired with others to send unsolicited commercial electronic mail via the Internet" in violation of Washington state law. Plaintiffs further allege that defendants hired multiple third-party "spammers" to send this unsolicited commercial e-mail to plaintiffs in Washington. For purposes of this motion, defendants admit that NPPN contracted with one or more parties[4] to send unsolicited commercial e-mail.

Pursuant to Fed. R. Civ. P. 12(b)(2), defendants move to dismiss plaintiffs' claims for lack of personal jurisdiction. Defendants argue that plaintiffs identify no conduct giving rise to either general or specific personal jurisdiction.[5] Sitting in diversity, this Court may exercise specific personal jurisdiction over a nonresident defendant only if jurisdiction is proper under Washington's long-arm statute and comports with federal constitutional due process principles. See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). Washington's long-arm statute provides, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of said acts: (a) The transaction of any business within

---

[2] It is not clear whether Ellen Hamilton is an officer of NPPN.

[3] In February 2002, the Colorado Secretary of State administratively dissolved NPPN. However, defendants proffer evidence suggesting that NPPN corrected all administrative deficiencies in May 2002 and was promptly reinstated. Plaintiffs do not challenge defendants' representations.

[4] The precise legal nature of any such contractual relationship is neither clear nor relevant to the instant motion. The Court also notes that plaintiffs did not name any such parties as defendants in this action.

[5] General personal jurisdiction exists when a nonresident defendant conducts substantial and continuous business in the state of Washington. CVTC of Haw. Co. v. Shinawatra, 82 Wn. App. 699, 709, 919 P.2d 1243 (1996). No party suggests that this Court possesses general personal jurisdiction over defendants Allen Hamilton and Ellen Hamilton.

ORDER - 2

this state; (b) The commission of a tortious act within this state; [and] (c) The ownership, use, or possession of any property whether real or personal situated in this state . . . .

Wash. Rev. Code § 4.28.185 (2002). Washington's long-arm statute extends personal jurisdiction as far as due process allows. Peter Pan Seafoods, Inc. v. Mogelberg Foods, Inc., 14 Wn. App. 527, 529, 544 P.2d 30 (1975).

Therefore, a singular three-part test governs whether this Court has specific personal jurisdiction over nonresident defendants. Plaintiffs must demonstrate that (1) purposeful minimum contacts exist between the defendants and the state of Washington; (2) plaintiffs' injuries relate to or arise from those minimum contacts; and (3) the exercise of jurisdiction is reasonable and consistent with traditional notions of fair play and substantial justice. Grange Ins. Ass'n v. Washington, 110 Wn.2d 752, 758, 757 P.2d 933 (1988) (quotations and citations omitted). In short, "jurisdiction is justified only if the defendant has purposefully availed itself of the forum state's markets, thereby deriving benefits and protections of the forum state's laws, so that it would be unfair to allow the defendant to escape the consequences for its actions. . . ." Id. at 762. Although plaintiffs bear the burden to demonstrate personal jurisdiction, the Court must construe all facts and reasonable inferences therefrom in the light most favorable to plaintiffs. CVTC of Haw. Co. v. Shinawatra, 82 Wn. App. 699, 708, 919 P.2d 1243 (1996).

In support of their motion to dismiss, defendants Alan Hamilton and Ellen Hamilton assert the following: they own no property in Washington; they have never visited Washington; they have never conducted business in Washington; they have never sent e-mail to Washington; and they have never caused NPPN to send personal e-mail for them. Alan Hamilton also asserts that any actions he took relevant to e-mail solicitation were taken solely as an NPPN officer and agent. Plaintiffs do not challenge these assertions. In addition, plaintiffs do not dispute defendants' proffer that all unsolicited

ORDER – 3

commercial email was sent by third-parties[6] on behalf of NPPN, an independent corporate entity in good standing. Instead, plaintiffs simply allege that defendants caused the sending of unsolicited commercial email in violation of Washington law.

Plaintiffs fail to allege sufficient facts for this Court to exercise personal jurisdiction over defendants Alan Hamilton and Ellen Hamilton in a constitutional manner. Under the first part of the test, defendants lack any purposeful minimum contacts with the state of Washington. Plaintiffs present absolutely no evidence that defendants, *personally and in their individual capacities*, purposefully availed themselves of conducting business in Washington. Plaintiffs do not challenge the declarations made by defendants in connection with this motion. That is, plaintiffs do not challenge defendants' assertions that they have never traveled to Washington, have never sent email to Washington, have never conducted business in Washington, and own no property in Washington. Likewise, under the second part of the test, plaintiffs' injuries – the receipt of unsolicited commercial email – do not arise from any contacts defendants have with Washington. Defendants status as shareholders, officers, and agents of NPPN – which contracted with the third parties that sent unsolicited commercial email to plaintiffs – does not render them personally liable for NPPN's corporate activities. See generally Micciche v. Billings, 727 P.2d 367, 371 (Colo. 1986). Accordingly, the Court GRANTS defendants' motion to dismiss for lack of personal jurisdiction.[7]

In the alternative, plaintiffs request leave to amend their complaint to identify the proper defendant(s). Plaintiffs' decision to name Alan Hamilton and Ellen Hamilton as defendants in this action may be a result of NPPN's brief administrative dissolution. Thus, plaintiffs' failure to identify

---

[6] Defendants assert that NPPN, not Alan Hamilton or Ellen Hamilton, contracted with these third-parties. Plaintiffs do not challenge this assertion.

[7] Because the issue of personal jurisdiction is dispositive with respect to defendant Ellen Hamilton, the Court declines to address her argument regarding insufficient service of process.

ORDER – 4

NPPN as a defendant in this action is due, in part, to NPPN's own administrative failures.[8] Under the circumstances, the Court concludes that justice requires granting leave to amend. See Fed. R. Civ. P. 15(a) (2002). Plaintiffs must file their amended complaint by Thursday, September 19, 2002 at 4:30 p.m. The amended complaint shall relate back to the date of the original complaint. See Fed. R. Civ. P. 15(c) (2002).[9]

SO ORDERED this 3rd day of September, 2002.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Despite plaintiffs arguments to the contrary, plaintiffs did not name NPPN as a defendant in this action. Plaintiffs' complaint unambiguously identifies two defendants, Alan Hamilton and Ellen Hamilton. Nowhere does the complaint identify NPPN, or any other corporate entity, as a defendant.

[9] Defendants argue that even if NPPN is party to this action, NPPN is not legally responsible for unsolicited commercial email sent by third-party contractors. That issue is not properly before the Court. If plaintiffs file an amended complaint, NPPN remains free to raise any jurisdictional or other defenses. Plaintiffs' assertion that NPPN has waived such defenses is wholly without merit. NPPN is not currently party to this lawsuit.

ORDER – 5