CC TO JUDGE KN

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 0 5 2002  KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

THE HONORABLE JOHN C COUGHENOUR

CV 02-01313 #00000018

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ED KONEK and JOEL HODGELL, | Cause No C02-1313C |
| Plaintiffs, | |
| v. | PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS |
| NATIONAL PET PROTECTION NETWORK INC, | NOTE ON MOTION CALENDAR December 20, 2002 |
| Defendant | **ORAL ARGUMENT REQUESTED** |

## I. RELIEF REQUESTED

Plaintiff moves this court for a civil anti-harassment order compelling Defendant National Pet Protection Network Inc, its President, Alan Hamilton, and any and all entities he owns, controls and/or contracts with to cease and desist sending email to Plaintiffs and for an award of sanctions for each harassing email sent to Plaintiffs after Defendant was aware of Plaintiffs' addresses since July 2002

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -1

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*



## II. FACTS

This matter arises from an action filed in May 2002 in the King County Superior Court pursuant to RCW 19 190, the Washington Commercial Electronic Mail Act, RCW 19 86, the Washington Consumer Protection Act, and the common law tort of trespass to chattels, against Alan and Ellen Hamilton. Defendants removed the action to this Court, and moved to dismiss for lack of jurisdiction and insufficient service of process.

Plaintiffs' Counsel gave CD-ROM disks of the many spams (including their email addresses) they received from the Defendant to the Defendant's Counsel back in July 2002.

This Court granted the motion to dismiss as to the Hamiltons personally, but allowed Plaintiffs to re-file an amended complaint against the Corporation, National Pet Protection Network Inc, that related back to the original filing. Plaintiffs timely filed the amended complaint on September 17, and re-served the President of the Corporation on October 17.

A Status Conference was held on October 16, following which Counsel for Defendant was hand served with Plaintiffs' First Discovery, including Interrogatories, Requests for Production, Requests for Admission, and a Subpoena Deuces Tecum.

Contained in the Interrogatories was a discovery request detailing email addresses that Plaintiffs held and received the Defendant's spams at

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -2

LAW OFFICES OF
*D. Michael Tomkins, P.S.*
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

On numerous occasions, Plaintiffs had requested that Defendant stop sending them email Defendant knew that it had been served in a lawsuit in May 2002, and that Plaintiffs were represented parties

In spite of this, Defendant continued to send unsolicited email to Plaintiffs If anything, the frequency of such contacts increased. *See Exhibit 1, sample copies of emails, and Exhibit 4, showing BTI owned by Defendant*

To date, Plaintiffs have received 300+ unsolicited commercial email transmissions in violation of RCW 19 190 and RCW 19 86 since this suit was filed and the Defendant and its president were reasonably aware of Plaintiffs' email addresses

### III. **Issue Presented**

Are Plaintiffs entitled to injunctive relief and sanctions because of Defendant's knowing, repeated, and harassing contacts?

### IV. **Argument and Authority**

The Washington legislature enacted the Civil Anti-harassment Statutes in 1987 *See* Laws of 1987, ch 280, §§ 1-22 They authorize a court to enter a civil anti-harassment order if it finds by a preponderance of the evidence that "unlawful harassment" exists RCW 10 14 080(3)

The elements of "unlawful harassment" are (1) a knowing and willful (2) course of conduct (3) directed at such specific person (4) which seriously alarms, annoys, harasses, or is detrimental to a person and (5) serves no legitimate or lawful purpose. RCW 10 14 020(1), Burchell v Thibault, 74 Wn App. 517, 521, 874 P.2d 196 (1994)

If the court finds by a preponderance of the evidence that unlawful harassment exists, then "a civil anti-harassment protection order shall issue prohibiting such

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -3

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990*

unlawful harassment." RCW 10.14.080(3) The order shall be effective for a year or less, unless the court makes an additional finding that "the respondent is likely to resume unlawful harassment when the order expires." RCW 10.14.080(4)

The U.S. Supreme court has held in the context of junk mail that a mailer's right to communicate is circumscribed by an affirmative act of the addressee giving notice that he wishes no further mailings from that mailer. Rowan v. U S P S, 397 U.S. 728, 737, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970). They noted the long held right of "a householder to bar, by order or notice, solicitors, hawkers, and peddlers from his property." Id, citing Hall v. Commonwealth, 188 Va. 72, 49 S.E. 2d 369, appeal dismissed, 335 U.S. 875 (1948). Chief Justice Burger in his opinion stated

> We therefore categorically reject the argument that a vendor has a right under the Constitution or otherwise to send unwanted material into the home of another. If this prohibition operates to impede the flow of even valid ideas, the answer is that no one has a right to press even "good" ideas on an unwilling recipient. The asserted right of a mailer, we repeat, stops at the outer boundary of every person's domain

Rowan, at 738

### a. **Knowing and Willful**

Defendant was made aware of Plaintiffs' email addresses on numerous occasions. *See Declarations of Ed Konek, Joel Hodgell*. Defendants were repeatedly told to stop sending the Plaintiffs email. *Id*. This constitutes direct, actual notice to Defendants that its email was unwelcome.

Defendant claims, in its email advertisements, that it has the ability to unsubscribe people who have received its advertisements and request to be removed

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -4

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

from its lists An example of the language contained in Defendant's email advertisement is

> We are strongly against sending unsolicited emails to those who do not wish to receive our special mailings You have opted in to one or more of our affiliate sites requesting to be notified of any special offers we may run from time to time We also have attained the services of an independent 3rd party to overlook list management and removal services This is NOT unsolicited email If you do not wish to receive further mailings, please <u>CLICK HERE</u> to be removed from the list Please accept our apologies if you have been sent this email in error We honor all removal requests

*See Exhibit 1, p 2*

In <u>Intercon Inc v Atlantic Internet Solutions</u>, 205 F.3d 1244 (10th Cir 2000), the defendant, an ISP operating in the northeastern and mid-Atlantic states, began mistakenly routing its email messages through the plaintiff's servers in Oklahoma because their domain names, icon.net and iconnet net, sounded similar. The plaintiff notified the defendant that its servers were being inundated with thousands of email transmissions that should have been routed through defendant's servers instead, causing slow downs in service and customer complaints Instead of taking the simple steps necessary to rectify the problem, the defendant instead continued to allow their email to be routed through the plaintiff's servers for an additional two months That court found that once notice was given of the problem, the continued email transmissions were not due to a mistake, but constituted *purposefully directed, willful activity* on the part of the defendants <u>Intercon</u>, at 1247-1248

Here, like in <u>Intercon</u>, if Defendant does indeed have the ability to remove email addresses from their list as they claim, and refuses to do so when such a request to remove is *repeatedly* made, then each time Defendant sends out email

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -5

LAW OFFICES OF
***D. Michael Tomkins, P.S.***
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

advertisements to persons who have expressly asked them to stop that action is knowing and willful

### b. Course of conduct

A "course of conduct" is:

> a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose "Course of conduct" includes, in addition to any other form of communication, contact, or conduct, the sending of an electronic communication Constitutionally protected activity is not included within the meaning of "course of conduct"

RCW 10 14 020(2)

The knowing and willful sending of 300+ emails by Defendant took place after Defendant received Plaintiffs' email addresses as part of a discovery request and continues to the present time This constitutes a series of acts over a period of time The statute specifically includes the sending of electronic communication

Defendant may argue that his messages are commercial speech, and therefore constitute "constitutionally protected activity" However, the Supreme Court has held that *commercial speech that is false, deceptive, and misleading is not protected* Friedman v Rogers, 440 U S 1, 9, 99 S Ct 887, 59 L Ed 2d 100 (1979) The Supreme Court later ruled in another context that "when the particular content or method of the advertising suggests that it is inherently misleading or when experience has proved that in fact such advertising is subject to abuse, the States may impose appropriate restrictions" In Re R. M J., 455 U S 191, 203, 102 S Ct 929, 71 L Ed 2d 64 (1982)

The Federal Trade Commission issued a "Business Alert" in April of 2002 that states their position that "email marketers must honor unsubscribe claims," and that

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -6

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

failure to do so constitutes a prohibited unfair and deceptive advertising practice under the Federal Trade Commission Act  See Exhibit 3

Accordingly, the Defendant's email transmissions are false, deceptive, and misleading because, *inter alia*, they have refused to honor unsubscribe requests  Email has also proven to be subject to abuse  It is this reason that the Washington Legislature passed RCW 19 190  The statute was held to be constitutional by the Washington Supreme Court in <u>State v  Heckel</u>, 143 Wn 2d 824, 24 P 3d 404  (2001)  The emails in question, to the extent that they violate the provisions of RCW 19 190, are therefore not constitutionally protected speech

### c. **Directed at such specific person**

The emails were knowingly directed at plaintiffs Ed Konek and Joel Hodgell  *See Declarations of Ed Konek and Joel Hodgell, and "a " above*

### d. **Which seriously alarms, annoys, harasses, or is detrimental to a person**

The emails were sent by Defendant with full knowledge of the fact that Plaintiffs had engaged in civil litigation against it, and had requested on numerous occasions to be removed from their lists  On March 14, Alan Hamilton, President of Defendant National Pet Protection Network Inc , sent a facsimile letter to Plaintiff Konek acknowledging that Mr  Konek had asked to be removed in a voice mail message to Defendant's phone  Mr  Hamilton stated that he did "not wish to send email to someone who does not want it "  *See Exhibit 2, correspondence from Alan Hamilton*  Mr  Hamilton asked for Mr  Konek's email address so that he could verify whether an email featuring his firm was actually sent  At the time, Mr  Konek refused because he

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -7

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

was concerned that this would simply allow Mr Hamilton to continue spamming him, or even to sell his email address as a valid one to other spammers. He also was aware that RCW 19.190 did not require him to provide his email address to spammers, but did require spammers to comply with the law.

Subsequent to this, Mr Konek's and Mr Hodgell's email addresses were provided to Defendant. In spite of Mr Hamilton's assertion that he did not want to spam anyone who did not want it, the volume of email *increased*. Plaintiffs brought this and other anti-spam litigation because they were annoyed, vexed, and harassed with the flood of unsolicited illegal commercial email that they were receiving. The continuation of such email transmissions by Defendant constitutes a direct attempt by it to further annoy and harass the Plaintiffs.

### e. No legitimate or lawful purpose

Defendant's 300+ unlawful emails serve no legitimate purpose. Defendant may argue that it was attempting to solicit business from Plaintiffs, but Plaintiffs have made it abundantly clear to Defendant that they have no intention of purchasing products or services from the Defendant. The emails in question are in violation of RCW 19.190, and therefore serve no lawful purpose either. They are clearly sent in an attempt to harass the plaintiffs in response to their filing suit, as shown by the increase in frequency after the suit was filed. These messages serve no legitimate or lawful purpose.

### f. Fees

Washington's civil anti-harassment statute states "The court may require the respondent to pay the filing fee and court costs, including service fees, and to

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -8

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

reimburse the petitioner for costs incurred in bringing the action, including a reasonable attorney's fee " RCW 10 14 090(2) Plaintiffs so move the Court for fees incurred in bringing this action.

## V. Conclusion

For the above reasons, Plaintiffs respectfully request that this Court grant their Motion, award them sanctions of $500 for each of the 300+ harassing emails sent since the Defendant was made aware in July 2002 of the email addresses held by Plaintiffs, for an Anti-harassment Order, and for fees and costs associated with bringing this motion A proposed order is attached

Respectfully submitted this 4 day of December, 2002

_____
D Michael Tomkins, WSBA #4979
Attorney for Plaintiffs

_____
Dietrich Biemiller, WSBA #32171
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR INJUNCTIVE
RELIEF AND SANCTIONS -9

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*