

FILED ___ ENTERED
LODGED ___ RECEIVED

JAN 2 3 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ED KONEK and JOEL HODGELL,

Plaintiffs,

v.

NATIONAL PET PROTECTION NETWORK, INC.,

Defendant.

CASE NO. C02-1313C

ORDER

This matter comes before the Court on plaintiffs' motion for injunctive relief and sanctions (Dkt. No. 18). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. For the following reasons, plaintiffs' motion for injunctive relief and sanctions is hereby DENIED.[1]

This action arises from plaintiffs' receipt of unsolicited commercial e-mail advertising defendant's business. Plaintiffs now move this Court for an anti-harassment protection order pursuant to Wash. Rev. Code § 10.14.080 (2002). Plaintiffs contend that their continued receipt of such e-mail despite their initiation of this action and requests for removal from solicitation lists constitutes unlawful

---

[1] The Court hereby STRIKES as moot defendant's motion to continue plaintiffs' motion for injunctive relief and sanctions (Dkt. No. 23).

ORDER – 1



harassment. The Washington State Legislature defines unlawful harassment as follows:

> A knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose. The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner. . . .

Wash. Rev. Code § 10.14.020(1) (2002). Plaintiffs also seek approximately $150,000 in sanctions, attorneys' fees, and costs.[2]

Defendant challenges plaintiffs' motion on numerous grounds. Foremost, defendant avers, via declaration of its President Alan Hamilton, that it "has never sent unsolicited commercial e-mail." Defendant acknowledges that it has worked with independent e-mail marketing firms to advertise its business. However, defendant asserts that these firms uniformly agreed to comply with all applicable state and federal laws and regulations and to provide a means for individuals such as plaintiffs to remove themselves from solicitation lists. In addition, defendant states that it honors any requests it receives from individuals seeking removal from such lists by forwarding those requests to these firms. Specifically, defendant declares that it promptly forwarded the twenty e-mail addresses and three domain names provided by plaintiffs to the e-mail marketing firms with which it works.

Further, defendant argues that an anti-harassment protection order is simply not appropriate under the circumstances. The Court agrees. The declarations of neither Ed Konck nor Joel Hodgell persuade the Court that their receipt of unsolicited commercial e-mail causes substantial emotional distress. Compare, e.g., State v. Noah, 103 Wn. App. 29, 34-35, 9 P.3d 853 (2000) (when defendant's daughter accuses defendant of sexual abuse following psychotherapy sessions, defendant harasses psychotherapist by picketing, entering place of business, confronting clients, taking photographs of psychotherapist and clients, telephoning at home, and telephoning psychotherapist's landlord). Although the Court does not dispute plaintiffs' annoyance and frustration, plaintiffs do not demonstrate

---

[2] These sanctions represent a $500 statutory penalty for each of the 300 unsolicited commercial e-mails advertising defendant's business received by plaintiffs since July 2002.

ORDER – 2

unlawful harassment by a preponderance of the evidence. See Wash. Rev. Code § 10.14.080(3) (2002). Moreover, if plaintiffs successfully prove defendant's liability for sending unsolicited commercial e-mail, Washington's Commercial Electronic Mail Act provides an adequate remedy of $500 for each e-mail. Wash. Rev. Code § 19.190.040 (2002).

Plaintiffs' request for $150,000 in sanctions is premised on a legal conclusion that defendant is liable for sending unsolicited commercial e-mail in violation of Washington's Commercial Electronic Mail Act. Therefore, the Court construes the request as a motion for partial summary judgment. Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (2002); Wash. Civ. R. 56(c) (2002). In determining whether a genuine issue of material fact exists, the court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).

Plaintiffs argue that defendant has "continued to send unsolicited email" to them. Yet, as discussed above, defendant categorically denies that it sends commercial e-mail. Therefore, a genuine issue of material fact exists with respect to this issue. Next, plaintiffs purport to submit documents demonstrating that any entities sending e-mail advertising defendant's business are "owned" by defendant. In fact, plaintiffs' counsel declares that these documents establish that these entities are "subsidiaries" of defendant founded by Alan Hamilton. The documents include a variety of commercial e-mails, traceroutes, and host names. However, plaintiffs wholly fail to show how these traceroutes and host names demonstrate defendant's ownership or Alan Hamilton's founding of the entities at issue.[3] Likewise, although plaintiffs recite the rules of agency at great length, plaintiffs make no discernable effort to show how those rules govern the specific relationships between defendant and these entities.

---

[3] Some of the host names in the traceroutes do appear to include defendant's corporate name. Nevertheless, plaintiffs fail to demonstrate how this fact establishes ownership or agency.

ORDER – 3

In sum, plaintiffs' motion is premature. Plaintiffs' sweeping and conclusory legal assertions are simply not supported by the documents submitted or any cogent legal analysis. The motion raises multiple complex factual and legal questions regarding defendant's corporate structure and defendant's relationship with the e-mail marketing firms advertising its business.[4] The record presently before the Court does not begin to answer these questions. Accordingly, the Court DENIES plaintiffs' motion for injunctive relief and sanctions.

SO ORDERED this 22 day of January, 2003.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Washington's Commercial Electronic Mail Act appears to focus on persons or entities that "initiate the transmission" of commercial e-mail, which "refers to the action by the original sender of an electronic mail message . . . ." Wash. Rev. Code §§ 19.190.010–.030 (2002). Plaintiffs cite no provision of the Act that *per se* subjects the business advertised via commercial e-mail to liability if that business does not actually send any e-mail message.

ORDER – 4